UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ZIMING SHEN,

                                           Civil Action No. 14 CV 7358
                                           Trial by Jury Demanded
                          Plaintiff,

                                           **SECOND AMENDED**
                                           **VERIFIED COMPLAINT**

        -against-


CITY OF NEW YORK, PO EVAN ARONOWITZ,
PO JOHN SHULTZ, PO SELENA D. HOLMES,
PO MICHAEL MRAZ,  DANIEL SHAPIRO,
SPENCER BURNET, and JOHN DOE 1 and
JOHN DOE 2
                          Defendants.
-------------------------------------------------------------X

        Plaintiff, ZIMING SHEN, by his attorney, JOSEPH C. CACCIATO,ESQ., and ENRICO

DEMARCO, ESQ., as and for his Verified Complaint, alleges upon information and belief, at all

times hereinafter mentioned, as follows:

## INTRODUCTION

        1.      This action arises from an over aggressive photographer who physically and

verbally harassed, annoyed and goaded the plaintiff into a confrontation during which this

photographer physically attacked and pummeled the plaintiff with racial animus.

        2.      This disturbing incident was compounded by the failure of the police who

arrived at the scene to conduct even a rudimentary inquiry into what had occurred.

        3.      The police, under the direction of a supervisor on the scene, ignored certain

evidence involving the eyewitness testimony of a school teacher, Elissa Krebbs ("Krebbs"), who

was walking her kids home, the testimony of a store manager who witnessed most of the incident

unfold in front of his store, and video footage recorded by surveillance cameras in the area.

1

4.      The witness informed the police that the defendant Daniel Shapiro was responsible for the incident, not the plaintiff, and was ignored by the police. Defendants also disregarded the plaintiff's adamant statements that he was attacked by Shapiro and failed to question him at all regarding the incident.

5.      The Police on the scene, supervised by a white male police officer designated as JOHN DOE1, disregarded all the available evidence and believed and relied entirely upon the story told by defendant Shapiro, who is a white male and totally biased, even though they did not personally observe any of the events underlying the incident, and a 911 call was made describing the incident as an Asian male under attack.

6.      Finally, the Kings County District Attorney's Office also failed to conduct a meaningful investigation, and covered up the improper activities of the defendants by charging and prosecuting the plaintiff for crimes based upon patently false statements.

7.      The Kings County District Attorney's office commenced the improper criminal proceeding charging plaintiff with a felony.  The criminal matter was reduced to an A misdemeanor and plaintiff, who submitted notice of his intention to testify before the grand jury, was denied this opportunity to be heard before the Grand Jury.  The matter was further reduced to a class B misdemeanor to avoid a jury trial and plaintiff was again denied his opportunity to be heard on the merits, under oath in a public forum, before a jury.  This criminal prosecution of the plaintiff had no merit and was eventually dismissed.

## ALLEGATIONS AS TO JURISDICTION OF THIS COURT

8.      At all times hereinafter mentioned and at the commencement of this action,

2

plaintiff, ZIMING SHEN, was and still is a citizen and resident of the City of New York, State of New York.

9.      Defendant CITY OF NEW YORK (hereinafter referred to as the "CITY") was and still is a political subdivision of the State of New York, duly organized and existing under and by virtue of the laws of the State of New York.

10.     NEW YORK CITY POLICE DEPARTMENT, (hereinafter referred to as "POLICE DEPARTMENT") was and still is a department and/or agency of the CITY.

11.     KINGS COUNTY DISTRICT ATTORNEY'S OFFICES was and still is an agency of the CITY engaged in the prosecution of criminal offenses in the County of Kings, State of New York.

12.     Defendant  POLICE OFFICER EVAN ARONOWITZ  was at the time of this incident a CITY Police Officer employed by the Defendant POLICE DEPARTMENT, specifically at the 84th Precinct, in Kings County and was acting in the course of his duties and functions as police officer of and for Defendant CITY and POLICE DEPARTMENT.  Defendant POLICE OFFICER is sued in both his official and individual capacities.

13.     Defendant POLICE OFFICER JOHN SCHULTZ was at the time of this incident a CITY Police Officer employed by the Defendant POLICE DEPARTMENT, specifically at the 84th Precinct, in Kings County with a rank of police officer and was acting in the course of his duties and functions as police officer of and for Defendant CITY and POLICE DEPARTMENT. Defendant POLICE OFFICER is sued in both in his official and individual capacities. "JOHN" is a fictitious name as this defendant's name cannot be ascertained with reasonable diligence.

14.     Defendant  POLICE OFFICER SELENA D. HOLMES was at the time of this incident a CITY Police Officer employed by the Defendant POLICE DEPARTMENT,

3

specifically at the 84th Precinct, in Kings County and was acting in the course of their duties and functions as police officer of and for Defendant CITY and POLICE DEPARTMENT.  Defendant POLICE OFFICER is sued in both his official and individual capacities.

15.    Defendant JOHN DOE 1 was at the time of this incident a white male, and a CITY Police Officer employed by the Defendant POLICE DEPARTMENT, specifically at the 84th Precinct, in Kings County and was acting as a supervisor in both his official and individual capacities at the time of plaintiff's arrest.

16.    Defendant JOHN DOE 2 was at the time of this incident a white female, and a CITY Police Officer employed by the Defendant POLICE DEPARTMENT, specifically at the 84th Precinct, in Kings County and was acting as a supervisor in both her official and individual capacities while on duty at the precinct station house.

17.    Defendant  POLICE OFFICER MICAHEL MRAZ  was at the time of this incident a CITY Police Officer employed by the Defendant POLICE DEPARTMENT, specifically at the 84th Precinct, in Kings County and was acting in the course of his duties and functions as police officer of and for Defendant CITY and POLICE DEPARTMENT.  Defendant POLICE OFFICER is sued in both his official and individual capacities.

18. Defendant DANIEL SHAPIRO ("Defendant SHAPIRO") was an individual with an actual place of business and residence in New York County, State of New York.

19. Defendant SPENCER BURNET ("Defendant BURNET") was an individual with an a residence in  the State of New York.

20. , Plaintiff's Notice of Claim was duly served upon and filed with the CITY OF NEW YORK, within ninety days after the cause of action herein.

21. That Defendant CITY conducted a General Municipal Law 50-h hearing of the

4

Plaintiff on or about July 2014.

22. That at least thirty days have elapsed since the demands or claims upon which these actions are predicated were presented to the CITY for adjustment or payment thereof, and that such Defendant has neglected and/or refused to make an adjustment or payment thereof within said thirty days after presentation.

23. This action is commenced within the applicable statute of limitations of one year and ninety days after said cause of action accrued against the City, and within the applicable statute of limitations for the claims against the other Defendants.

24. That the subject matter jurisdiction exists in this Court pursuant to 28 USC § 1331 inasmuch as the incidents which gives rise to all the events and/or omissions complained of herein involves violations of Federal Law, to wit: The United States Constitution; the 1st, 4th, 5th, 8th and 14th Amendments to the United States Constitution; and 42 USC §1981 and 42 USC §1983.

25. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate the pendant state law claims pursuant to 28 U.S.C. 1367

26. Pursuant to 28 U.S.C. 1391(b) venue exists in this Court inasmuch as all the parties hereto reside within the State of New York and the defendants City of New York, New York City Police Department and Shapiro reside within the Southern District of New York

27. Defendant POLICE OFFICERS, referred to collectively herein as "POLICE OFFICERS" include all the police officers named herein as defendants, and upon information and belief were Officers of the 84th Precinct, assigned, stationed and/or otherwise deployed or otherwise present in and around the Plaintiff when Plaintiff was illegally and wrongfully,

detained, physically restrained seized and arrested, without probable cause in the  City and State of New York.

28. Defendant POLICE OFFICERS at the time of the incidents herein, were CITY Police Officers employed by Defendants CITY and POLICE DEPARTMENT, as employees and agents thereof.  Throughout the events described herein, Defendants were acting in the course of their duties and functions as police officers of Defendants CITY and POLICE DEPARTMENT.

29. Upon information and belief and at all times herein mentioned all Defendants were and still are citizens and residents of the State of New York.

30. Defendant POLICE OFFICERS compromising Defendants sued herein were under the direction, supervision, and control of the Defendant CITY and Defendant POLICE DEPARTMENT.

31. On September 16, 2011 Defendant POLICE OFFICERS, were employed as police officers and arrested plaintiff without probable cause, or a lawful order or warrant issued by a neutral and detached magistrate.

32. The limitations on liability as set forth in Article 16 of the New York Civil Practice Law and Rules do not apply to this action pursuant to the exceptions set forth in 1602, paragraphs 2, 5, and 11.

## FACTUAL ALLEGATIONS UNDERLYING ALL CAUSES OF ACTION COMPLAINED OF HEREIN

33.     Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "32", with the same force and effect as if fully set forth herein at length.

6

34.     On the 16th day of September, 2011, at approximately 2:15 p.m. in front of the United States District Courthouse for the Eastern District of New York, County of Kings, City and State of New York, defendant SHAPIRO physically restrained plaintiff and prevented plaintiff from peacefully leaving the area.

35.     Defendant Shapiro grabbed the plaintiff while he was running away and held on to him so more photographs could be taken.

36.     At this time, Shapiro caused the strap of his heavy, large metal camera to become wrapped around plaintiff's arm.

37.     Shapiro tugged on the strap and physically pushed and struck plaintiff while plaintiff was trapped.

38.     Plaintiff's wife, Joanna Fan, along with a friend Jenny Yuen came to plaintiff's aid and helped him unravel himself from the Camera strap.

39.     Plaintiff immediately left the scene and Shapiro pursued him and the defendant Burnett also followed the plaintiff as he escaped from the vicinity of the courthouse.

40. On the 16th day of September, 2011, at approximately 2:34 p.m. in the vicinity of Tillary Street and Jay Street, in the County of Kings, City and State of New York defendant SHAPIRO after pursuing and following the Plaintiff, physically threatened Plaintiff and called Plaintiff various derogatory names, including "Chink Bastard".

41. Plaintiff is an Asian-American.

42. At the aforementioned time and place Defendant SHAPIRO made physical contact with Plaintiff's person thereby causing Plaintiff to lose consciousness and sustain various bodily injuries that required medical attention, including a fractured shoulder, and bruising and swelling over a majority of his body.

43. At the aforementioned time and place Defendant SHAPIRO negligently caused a camera to make physical contact with Plaintiff's person thereby causing Plaintiff to sustain various bodily injuries that required immediate medical attention, including without limitation a fractured shoulder, injured knees, cuts and lacerations, and bruising and swelling over a significant portion of plaintiff's body.

44. At the aforementioned time and place Defendant Burnett encouraged, importuned and otherwise aided defendant SHAPIRO in engaging in the aforementioned conduct, and was observed pursuing Plaintiff with Defendant Shapiro and "high fiving" Defendant Shapiro after Defendant Shapiro made physical contact with Plaintiff.

45. Defendant POLICE OFFICERS and JOHN DOE 1 responded to the scene.

46.     At the aforementioned time and place Defendant SHAPIRO falsely maintained to Defendant POLICE OFFICERS that Plaintiff had assaulted Defendant SHAPIRO, had menaced Defendant SHAPIRO, and had unlawfully damaged his property.

47.     Further, Defendant SHAPIRO maintained that Plaintiff had menaced and attempted to assault another individual when Defendant SHAPIRO knew those allegations to be false.

48. Upon information and belief, Defendant BURNET made false allegations to Defendant POLICE OFFICERS that Plaintiff had attempted to assault Defendant BURNET and that defendant BURNET knew this statements were false at the time made.

49.     Defendant POLICE OFFICERS and JOHN DOE 1  that responded to this incident physically detained, and arrested Plaintiff based upon these statements that were clearly false.

50. Plaintiff's arrest, detention and subsequent criminal prosecution was not supported by

probable cause or reasonable cause to believe that Plaintiff had committed an offense and was done on the order of and under the control and direction of JOHN DOE 1, a white male police supervisor.

51.     Defendant POLICE OFFICERS and JOHN DOE 1 were aware that they lacked probable cause and a lawful basis to arrest Plaintiff and cause the prosecution of a criminal action against plaintiff because (i) they were told by a bystander, KREBBS,  who had witnessed the incident, that Plaintiff had not assaulted, menaced, or threatened any person or made or attempted to make unlawful physical contact or cause physical injury to another person and/or unlawfully damaged the property of any person, and that in fact Plaintiff had been assaulted and battered by defendant SHAPIRO; and (ii) Plaintiff had suffered physical injuries as a result of Defendant SHAPIRO's physical contact with Plaintiff that were visible to Defendant POLICE OFFICERS.

52. Defendant POLICE OFFICERS failed to conduct the most rudimentary investigation into Defendant SHAPIRO and BURNET's false allegations.

53. Defendant POLICE OFFICERS knew or recklessly disregarded the information available to them that demonstrated that Defendant SHAPIRO and BURNET's  allegations were false, and stated in substance that it was the policy and practice of the CITY and POLICE DEPARTMENT to arrest and prosecute criminal proceedings against persons under the circumstances described in this case.

54.     Plaintiff was taken immediately to the hospital because he required immediate medical attention.

55. Defendant POLICE OFFICERS in taking Plaintiff into custody negligently caused

Plaintiff to exacerbate his physical injuries, and caused further pain and suffering in the manner Defendant POLICE OFFICERS back handcuffed plaintiff, and transported Plaintiff to receive medical treatment.

56.     Plaintiff continued to be back handcuffed until a medical professional at the hospital ordered Defendant POLICE OFFICERS to discontinue this practice and requested defendants to sign a document if they refused to heed this medical advice.

57.     Soon after his arrest, the plaintiff informed the defendant POLICE OFFICERS and JOHN DOE 2 that he was diabetic.

58.     Plaintiff subsequently further informed Defendant JOHN DOE 2 that he was feeling sick, dizziness, disoriented, muddled thinking, and that he was hungry, not having anything to eat in a long while.

59. Nothing was done to try and address plaintiff's worsening medical condition.

60.     Instead, food was left out for plaintiff to eat, that was leftover sweet cake.

61.     Plaintiff ate this cake without really realizing what he was doing in his compromised state and plaintiff became quite ill.

62.     Defendant JOHN DOE 2 and defendant POLICE OFFICERS  failed to take this medical condition into account and plaintiff had to be re-transported to the hospital because his sugar levels were abnormal.

63.     Plaintiff was again improperly handcuffed with his hands behind his back, against medical advice.

64. Defendants, and the  Kings County District Attorney on September 16, 2011 caused a felony complaint to be filed in the Criminal Court of the City of New York, Kings County under Docket Number 2011KN074117 against Plaintiff.