65. Defendants alleged in the felony complaint that Plaintiff unlawfully assaulted, menaced Defendant SHAPIRO and unlawfully damaged Defendant SHAPIRO's property. Further, the complaint falsely alleged that Plaintiff attempted to assault Defendant BURNETT, and menaced Defendant BURNETT which was based upon false allegations made by Defendant SHAPIRO and BURNETT.

66. On or about September 17, 2011 Plaintiff was arraigned on the felony complaint in Kings County, Criminal Court and bail was set in an amount that Plaintiff satisfied.

67. Defendants intentionally, and knowingly made the aforementioned false statements set forth herein to the Kings County District Attorney's Offices and their agents knowing that a criminal proceeding would be initiated by the Kings County District Attorney.

68. The aforementioned statements made by Defendants were false.

69. Defendants knew such statements were false, and such statements were made intentionally, maliciously, or with reckless disregard for the truth and were calculated to cause Plaintiff to be prosecuted in a criminal proceeding and to be incarcerated.

70. The aforementioned conduct by Defendants was malicious in that the Defendants gave the false statements to the Kings County District Attorney with the purpose of initiating a criminal prosecution and causing defendant to be incarcerated. As a result of Defendants conduct, Plaintiff was incarcerated and deprived his liberty commencing from the date of his arrest on September 16, 2012 through September 17, 2012.

71. The criminal proceeding that was commenced against Plaintiff was ultimately dismissed on February 25, 2014.

## DAMAGES

72. As a result of the aforementioned conduct, Defendants violated plaintiff's constitutional rights, caused plaintiff to suffer a loss of his liberty, bodily injuries, a loss of consciousness, humiliation and mental anguish and injury to Plaintiff's reputation and other compensable loss, including lost profits and attorney's fees to defend the criminal prosecution.

## CAUSES OF ACTION

### I. VIOLATION OF EQUAL PROTECTIONS OF AND ACCESS TO THE LAW AGAINST DEFENDANTS SHAPIRO AND BURNETT.   42 USC 1981.

73. Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "72", with the same force and effect as if fully set forth herein at length.

74. Defendants SHAPIRO and BURNETT acting individually and together in concert with one another, motivated by racial bias, reached a mutual understanding to deprive the plaintiff of the equal protection of the law by making false statements about the true nature of their conduct to the POLICE OFFICERS and the Kings County District Attorney's Office.

75. Defendants intentionally made these statements knowing they were false at the time made to cover up the egregious nature of their actions and to convince the authorities to commence criminal proceedings against the plaintiff.

76. Criminal proceedings were in fact initiated against the plaintiff based upon defendants' inaccurate and false statements that were ultimately dismissed.

77. Because of defendants actions, plaintiff was deprived of the equal protection of the laws securing his right to be free of unauthorized physical restraint and unjustified injury in a

public place, and deprived of his constitutional right to access and seek redress in the criminal courts, in violation of 42 USC 1981.

78. Defendants did in fact engage in a cover up to conceal the wrongful and unlawful conduct inflicted upon the plaintiff.

79. The defendants efforts concealed the truth causing plaintiff harm.

80. As a direct and proximate result, Ziming Shen was prevented from prosecuting the defendants for their unlawful conduct and clearing his name, was arrested, handcuffed and subjected to the legal system, suffered symptoms from diabetes while in custody, was back handcuffed with a fractured shoulder, was ridiculed in the newspapers, paid out over $100,000.00 in legal fees and sustained other harms as described above including lost profits, the sum of which to be determined at a trial by jury but presently estimated at $5,000,000.00 in plaintiff's prayer for relief.

II. PENDANT CLAIM. ASSAULT AND BATTERY AGAINST DEFENDANT SHAPIRO.

81. Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "80", with the same force and effect as if fully set forth herein at length.

82. Defendant Shapiro without justification intentionally attacked plaintiff as described above and below.

83. Defendant Shapiro struck plaintiff repeatedly in the face and body with his fists.

84. Defendant Shapiro struck plaintiff with his feet while plaintiff was on the ground.

85. Defendant Shapiro struck plaintiff with his forearm.

86. Defendant Shapiro Struck plaintiff with his metal cameras.

87. Defendant Shapiro threw plaintiff down to the concrete twice.

88. All of these actions were intentionally done without justification to cause plaintiff injury.

89. Plaintiff was in fact battered and suffered extensive injuries as described above and included a fractured shoulder, a loss of consciousness, bruising, swelling, lacerations and cuts all over his body.

90. As a direct and proximate cause of Defendant's assault upon the plaintiff, plaintiff was battered and seriously injured causing damages to be determined at a trial by jury and estimated in plaintiff's prayer for relief at $5,000.000.00.

### III.   PENDANT CLAIM. FALSE IMPRISONMENT AGAINST DEFENDANT SHAPIRO.

91. Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "90", with the same force and effect as if fully set forth herein at length.

92. Defendant Shapiro waylaid and physically restrained plaintiff outside the Federal Courthouse as plaintiff attempted to escape from the mob of reporters as described above in more detail.

93. Shapiro grabbed plaintiff with one arm and held him.

94. Shapiro intended to stop plaintiff and restrain him from leaving the area.

95. Shapiro was successful and plaintiff was prevented and restrained from leaving.

96. Shapiro negligently caused the strap of his camera to become wrapped around the plaintiff's wrist and hand further entangling the plaintiff and further restraining his ability to move.

97. Plaintiff remained restrained until his wife and friend Jenny Yuen came to his aid and unwrapped the cord.

98. Shapiro had no justification or authority to detain or restrain the plaintiff.

99. Further, at the aforementioned time and place, Shapiro wrapped a cord from his camera equipment around plaintiff's neck and held him on the ground for several minutes.

100. Shapiro had no authority or justification to so detain the plaintiff and deprived plaintiff of his freedom to move and caused plaintiff to suffer further injuries and humiliation.

101. Because of defendant's unjustified actions in detaining and restraining the plaintiff, plaintiff was falsely imprisoned and subjected to pain in suffering in an amount to be determined at trial but presently estimated in plaintiff's prayer for relief to be $1,000,000.00.

IV. **PENDANT CLAIM. INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS SHAPIRO and BURNETT.**

102. Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "101", with the same force and effect as if fully set forth herein at length.

103. Defendants intentionally and/or negligently caused Plaintiff to suffer mental and emotion distress, as a result of the unlawful arrest, assault, malicious prosecution and unlawful imprisonment of Plaintiff.

104. That the aforesaid acts of Defendants were negligently, recklessly, wantonly, intentionally conducted by Defendants, in a manner so shocking and outrageous that they exceeded all reasonable bounds of decency, thereby negligently and or intentionally causing Plaintiff to suffer emotional distress.

105. These acts constitute misconduct of a nature that exceeds the bounds usually tolerated by a civilized society.

106. That by reason of the foregoing, Plaintiff is entitled under the provisions and laws of the State of New York to recover from Defendants a sum to be determined at a trial by jury but estimated in plaintiff's prayer for relief to be FIVE MILLION ($5,000,000.00) DOLLARS in actual damages sustained.

V. **PENDANT CLAIM. NEGLIGENT ASSAULT AGAINST DEFENDANT SHAPIRO.**

107. Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "106", with the same force and effect as if fully set forth herein at length.

108. All persons have a duty of care towards other persons to refrain from inflicting physical injury without excuse or justification.

109. At the aforementioned time and place Defendant SHAPIRO breached this duty and negligently inflicted bodily injuries and caused Plaintiff to suffer pain and suffering as a result of Defendant SHAPIRO negligent and unlawful physical contact with Plaintiff.

110. As a direct proximate cause of defendant's aforementioned conduct, Plaintiff suffered bodily injuries, pain and suffering and other compensable loss.

111. That by reason of the foregoing, Plaintiff is entitled under the provisions and laws of the State of New York and the United States to recover from Defendant SHAPIRO a sum to be determined at a trial by jury but estimated in plaintiff's prayer for relief at FIVE MILLION ($5,000,000.00) DOLLARS in actual damages sustained.

## VI. PENDANT CLAIM. NEGLIGENCE AGAINST DEFENDANT SHAPIRO.

112. Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "111", with the same force and effect as if fully set forth herein at length.

113. The defendant SHAPIRO had a duty of care not to injure the plaintiff while doing his job, which included wielding large and heavy cameras at close range to the defendant.

114. The defendant SHAPIRO breached this duty by failing to adequately safeguard and control his equipment and causing his cameras to come into contact with Defendant's body and face.

115. The defendant SHAPIRO further breached this duty by grabbing the defendant and preventing him from running away, by causing his camera straps to become wrapped around the plaintiff's wrist, by repeatedly making physical contact negligently with the plaintiff, causing the plaintiff to fall to the ground and thereafter negligently falling on the plaintiff causing injury, pain, distress and anguish.

116. Defendant SHAPIRO's negligent actions caused plaintiff to sustain bruising and swelling over his body and to suffer substantial pain and distress.

117. Defendant SHAPIROS's negligent actions were the proximate cause of plaintiff's injuries, which were actual and serious.

118. But for defendant SHAPIRO's negligence, plaintiff would not have suffered any injury, pain or distress.

119. As a result of Shapiro's negligent actions, plaintiff bodily injuries, pain and suffering and emotional distress in an amount to be determined at trial and presently estimated to be $5,0000.000.00.

## VII. PENDANT CLAIM. MALICIOUS PROSECUTION AGAINST DEFENDANTS SHAPIRO AND BURNETT.

120. Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "119", with the same force and effect as if fully set forth herein at length.

121. Defendants intentionally, and knowingly made the aforementioned false statements set forth herein and caused and otherwise maintained a criminal prosecution without lawful basis against the plaintiff in the Criminal Court of the City of New York, Kings County.

122. The aforementioned statements made by Defendants were false.

123. Defendants knew such statements were false, and such statements were made intentionally, maliciously, or with reckless disregard for the truth.

124. Defendants intentionally made such statements in order to cause the commencement and continuation of a criminal prosecution against Plaintiff with reckless disregard of the rights of Plaintiff.

125. The aforementioned conduct by Defendants was malicious in that the Defendants gave false statements and maintained the criminal proceeding so as to cause Plaintiff's incarceration and to hinder and prevent plaintiff from disclosing the true nature of defendants conduct.

126. As a result of the foregoing, a criminal proceeding was commenced against Plaintiff that was ultimately dismissed.

127. As a result of such conduct, Defendants caused Plaintiff to suffer a loss of liberty, humiliation and mental anguish and injury to Plaintiff's reputation, injury and inconvenience to Plaintiff caused by his arrest and imprisonment, expenses incurred in defending the criminal

prosecution, and other compensatory damages, caused by Defendants false statements and malicious prosecution.

128.    Accordingly, Plaintiff demands a judgment against Defendants in an amount to be determined at trial estimated to be $5,0000.000.00 .

## VIII.  PENDANT CLAIM.  ABUSE OF PROCESS AGAINST ALL DEFENDANTS.

129.    Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "128", with the same force and effect as if fully set forth herein at length.

130.    Defendants intentionally, and knowingly made the aforementioned false statements set forth herein that caused the initiation of a criminal prosecution.

131.    The aforementioned statements were made by defendants to initiate a criminal prosecution and arrest of plaintiff.

132.    Defendants caused and continued to maintain a criminal prosecution without a lawful basis.

133.    The use of the arrest process and criminal prosecution of plaintiff was for an improper and unlawful purpose or a purpose other than it's legitimate purpose.

134.    As a result of such abuse of process, defendants caused plaintiff to suffer loss of liberty, humiliation and mental anguish resulting from criminal prosecution, injury to plaintiff's reputation, injury and inconvenience to plaintiff caused by his arrest and imprisonment, expenses incurred in defending the criminal prosecution, and other compensatory damages.

135.    Accordingly, plaintiff demands a judgment against defendants in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, together with interest and costs thereon.