IX.     **PENDANT CLAIM.  PRIMA FACIE TORT AGAINST ALL DEFENDANTS.**

136.    Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "135", with the same force and effect as if fully set forth herein at length.

137.    Defendants, while performing an act or acts that would otherwise be lawful, specifically taking pictures of the plaintiff by defendants Shapiro and Burnett, and the subsequent arrest,  detainment and prosecution of the plaintiff by the defendant POLICE OFFICERS and the Kings County District Attorney's Office, including the back handcuffing of the plaintiff while injured, the defendants intentionally caused the infliction of harm upon the plaintiff without excuse or justification, caused a criminal proceeding to be initiated and maintained against Plaintiff without a lawful basis, and/or knowing that the allegations made by Defendant SHAPIRO and BURNET were false.

138.    As a result of the aforementioned conduct, Plaintiff suffered the aforementioned bodily injuries, loss of physical liberty, emotional pain and anguish and other compensable loss.

139.    As a result of defendants' conduct, Plaintiff suffered the following special damages : $100,000.00 constituting attorney's fees as well as damages to plaintiff's reputation that shall be determined.

140.    That by reason of the foregoing, Plaintiff is entitled under the provisions and laws of the State of New York to recover from Defendants the sum of FIVE MILLION ($5,000,000.00) DOLLARS in actual damages and ONE HUNDRED THOUSAND ($100,000.00) DOLLARS in special pecuniary damages as well as damages to reputation that are estimated to be in excess of $1,000.000.00.

## X.    VIOLATION OF EQUAL PROTECTIONS OF  AND ACCESS TO THE LAW AGAINST DEFENDANTS NEW   YORK CITY, AND POLICE OFFICERS. 42 USC 1981.

141.    Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "140", with the same force and effect as if fully set forth herein at length.

142.    Defendants acting individually and together in concert with one another, motivated by racial bias, reached a mutual understanding to deprive the plaintiff of the equal protection of and access to the law by making false statements about the true nature of defendant Shapiro and Burnett's conduct.

143.    Defendants intentionally made these statements knowing they were false at the time made to cover up the egregious nature of defendant Shapiro's actions and to prevent the plaintiff from accessing and seeking redress in the criminal courts for the aforementioned conduct by Shapiro.

144.    Criminal proceedings were in fact initiated against the plaintiff based upon defendants' inaccurate and false statements that were ultimately dismissed.

145.    As a result of defendants actions, plaintiff was deprived of the equal protection of the laws securing his right to be free of unreasonable searches and seizures and  denied his constitutional right to access and seek redress in the criminal courts in violation of the U.S. Constitution and 42 USC 1981.

146.    Defendants did in fact engage in a cover up to conceal the wrongful and unlawful conduct inflicted upon the plaintiff.

147.    The defendants efforts concealed the truth causing plaintiff harm.

148.    As a direct and proximate result, Ziming Shen was prevented from prosecuting the defendants for their unlawful conduct and clearing his name, was arrested, handcuffed and subjected to the legal system, suffered symptoms from diabetes while in custody, was back cuffed with a fractured shoulder, was ridiculed in the newspapers, paid out over $100,000.00 in legal fees and sustained other harms as described above including lost profits, the sum of which is to be determined but presently estimated at $5,000,000.00.

## XI.    CIVIL RIGHTS VIOLATION AGAINST DEFENDANTS NEW YORK CITY AND POLICE OFFICERS.                                    42 USC 1983

149.    Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "148", with the same force and effect as if fully set forth herein at length.

150.    The conduct and/or omissions by Defendants New York City and Police Officers was unlawful and under the color of State and local laws and/or pursuant to a governmental policy and custom concerning the prosecution and detention of persons arrested.

151.    Defendants conduct, specifically commencing,  maintaining and continuing a criminal prosecution maliciously and without lawful basis, and/or unlawfully imprisoning, abusing the true purpose of the criminal proceeding, and intentional inflicting physical injury and emotional distress, without cause or justification, based upon racial animus and bias, violated Plaintiff's rights, privileges and immunities as guaranteed under the United States Constitutions, Amendment One, Four, Five, Fourteen, and under the Civil Rights Acts 42 USC § 1981 and 42 USC § 1983.

22

152.   Plaintiff has been damaged and suffered significant loss of liberty, emotional distress

and conscious pain and suffering as hereinbefore alleged as a result of these actions and the

deprivation of Plaintiff's Constitutional and Civil Rights.

153.   That the aforementioned occurrence was caused by the negligent, grossly

negligent, wrongful, careless, reckless and intentional acts of the Defendants.

154.   This cause of action and damages for this cause of action are specifically

exempted under C.P.L.R.§ 1602.

155.    That by reason of the foregoing, Plaintiff is entitled under the provisions and

laws of the State of New York and the United States to recover from Defendants the sum of

FIVE MILLION ($5,000,000.00) DOLLARS in actual damages sustained.


**XII.   Constitutional Claim.  Excessive Force against Defendants New York City and**

**POLICE OFFICERS**                                            **42 USC 1983**

156.   Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1"

through "155", with the same force and effect as if fully set forth herein at length.

157.   Defendants violated plaintiff's fourth amendment rights when the police officers

on the scene hauled the plaintiff off the ground knowing he was injured causing pain and

discomfort.

158.   Defendants further violated plaintiff's rights when they handcuffed him behind the

back knowing he had a fractured shoulder, causing extreme pain and discomfort and upon

belief, aggravating his injuries further.

159.     Defendants used an unnecessary amount of force under the circumstances present at that time as a result of which plaintiff suffered injury in an amount to be determined at trial and presently estimated at $250,000.00.

## XIII.   CIVIL RIGHTS VIOLATION AGAINST DEFENDANTS NEW YORK CITY, POLICE OFFICERS AND JOHN DOE 2     42 USC 1983   FAILURE TO PROPERLY CARE FOR PLAINTIFF.

160.     Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "159", with the same force and effect as if fully set forth herein at length.

161.     By their conduct, defendants, under color of law, knowingly failed to provide for plaintiff's medical needs and in fact caused his medical condition to worsen, thus creating new pain and suffering and exacerbating his existing physical and mental pain and suffering.

162.     As a result of the foregoing, plaintiff suffered injury in an amount to be determined at trial and presently estimated to be $500,000.00.

## XIV.   FIRST AND FOURTEENTH AMENDMENT VIOLATIONS AGAINST ALL DEFENDANTS.  42 USC 1983.

163.     Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "162", with the same force and effect as if fully set forth herein at length.

164.     By their above described conduct under color of law, with the exception of Burnett and Shapiro, the defendants deprived and denied plaintiff of his first amendment right to have access and seek redress in the courts.

165.     The defendants orchestrated a cover up to conceal the wrongful and unlawfully acts perpetrated upon the plaintiff.

24

166.    The defendants efforts were successful and continue to conceal the truth to the present day.

167.    As a direct and proximate cause of the above, plaintiff has been injured in an amount to be determined at trial, but presently estimated to be $5,000,00.00.


## XV.    CONSPIRACY WITH RACIAL ANIMUS AGAINST DEFENDANTS JOHN DOE 1 AND SHAPIRO.          42 USC 1985

168.    Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "167", with the same force and effect as if fully set forth herein at length.

169.    As described above, the individual defendants herein, with the exception of Shapiro were acting under color of law, conspired with one another and acted in concert to undertake a course of conduct whereby plaintiff's rights and privileges secured by the Constitution were denied.

170.    The conduct of the defendants was motivated by racial animus because of his race as an Asian-American.

171.    Defendant Shapiro expressed his racial bias in many remarks directed at the plaintiff.

172.    John Doe 1, a white male police supervisor, manifested his racial bias by discounting the eyewitness testimony and supporting the obviously false accounts of Defendants Shapiro and Burnet, without any legitimate basis.

173.    As a direct and proximate cause of the above, plaintiff has been injured in an amount to be determined at trial, but presently estimated to be $5,000,00.00.

25

## XVI.   PENDANT CLAIM.  FAILURE TO PROPERLY HIRE, TRAIN AND SUPERVISE AGAINST DEFENDANTS  NEW YORK CITY, NYPD.

174.    Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "173", with the same force and effect as if fully set forth herein at length.

175.    Defendants did not exercise reasonable care and diligence in the selection, employment, training of its agents, servants and employees, specifically Defendant POLICE OFFICERS and KINGS COUNTY DISTRICT ATTORNEY'S agents;  Defendants negligently and carelessly failed to provide competent, experienced, trained and skillful agents, servants and/or employees at the aforementioned time and place of the unlawful restraint and unlawful prosecution of Plaintiff; Defendants did not exercise reasonable care and diligence and were negligent in the hiring and retention of Defendant POLICE OFFICERS who failed to protect Plaintiff from bodily harm, unlawful physical restraint and detention, and free from unlawful searches and seizures of plaintiff's person; and Defendants did not exercise reasonable care and diligence and were negligent in failing to train and instruct it agents, servants and/or employees with respect to the lawful detention, seizure and/or arrest, the use of physical force to arrest and detain and the maintenance of a criminal proceeding against persons such as Plaintiff who are falsely accused of criminal conduct .

176.    At the time of the incidents described herein Defendant POLICE OFFICERS were employed and acting as agents on behalf of Defendant  CITY and POLICE DEPARTMENT.

177.    Defendant POLICE OFFICERS had been trained by Defendants CITY and POLICE DEPARTMENT as police officers.

178.    Defendant POLICE OFFICERS were at all times under the supervision of

Defendants  CITY,  POLICE DEPARTMENT,  John Doe 1 and John Doe 2.

179.   Defendants POLICE OFFICERS, upon information and belief, and based upon their actions described herein, had a propensity to unlawfully disregard the civil rights of citizens, specifically minorities.

180.   Defendants CITY and POLICE DEPARTMENT failed to adequately monitor, supervise, oversee, prepare, train, implement and enforce guidelines and directives of the conduct of their employees and DEFENDANT POLICE OFFICERS and intentionally and/or negligently hired, and retained Defendant POLICE OFFICERS who possessed a propensity for abuse and disregard of civil rights.

181.   By reason of the foregoing, Plaintiff sustained mental pain, and suffering resulting from his detention and other compensable loss.

182.   That the aforementioned occurrence was caused by the negligent, grossly negligent, wrongful, careless, reckless and intentional acts of the Defendants.

183.   This cause of action and damages for this cause of action are specifically exempted under C.P.L.R.§ 1602.

184.    That by reason of the foregoing, Plaintiff is entitled under the provisions and laws of the State of New York to recover from Defendants the sum of FIVE MILLION ($5,000,000.00) DOLLARS in actual damages sustained.


## XVII. PENDANT CLAIM.  MALICIOUS PROSECUTION AGAINST DEFENDANTS NEW YORK CITY AND POLICE OFFICERS.

185.   Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "184", with the same force and effect as if fully set forth herein at length.

186.    Defendants intentionally, and knowingly made the aforementioned false statements set forth herein and caused and otherwise maintained a criminal prosecution without lawful basis against defendant in the Criminal Court of the City of New York, Kings County.

187.    The aforementioned statements made by Defendants were false.

188.    Defendants  knew such statements were false, and such statements were made intentionally, maliciously, or with reckless disregard for the truth.

189.    Defendants intentionally made such statements in order to cause the commencement and continuation of a criminal prosecution against Plaintiff with reckless disregard of the rights of Plaintiff.

190.    The aforementioned conduct by Defendants was malicious in that the Defendants gave false statements and maintained the criminal proceeding so as to cause Plaintiff's incarceration and to prevent him from disclosing what actually occurred in a court of law of competent jurisdiction.

191.    As a result of the foregoing, the criminal proceeding was commenced against Plaintiff that was ultimately dismissed.

192.    As a result of such conduct, Defendants caused Plaintiff to suffer a loss of liberty, humiliation and mental anguish and injury to Plaintiff's reputation, injury and inconvenience to Plaintiff caused by his arrest and imprisonment, expenses incurred in defending the criminal prosecution, and other compensatory damages, caused by Defendants false statements and malicious prosecution.

193.    Accordingly, Plaintiff  demands a judgment against Defendants in the sum of Five Million ($5,000,000.00) Dollars, together with interest and costs thereon.